UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RYAN D. GESTEN, individually, and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 1:18-cv-20450-CMA |
| BURGER KING CORPORATION d/b/a BURGER KING, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY THIS ACTION UNTIL THE ELEVENTH CIRCUIT DECIDES THE PENDING *TARR* APPEAL**

Defendant Burger King Corporation d/b/a Burger King ("Burger King") respectfully submits this reply brief in support of its motion to stay this action until the United States Court of Appeals for the Eleventh Circuit decides the pending appeal in *Tarr v. Burger King Corp.*, No. 18-10279-CC (11th Cir.).

**PRELIMINARY STATEMENT**

Nowhere in plaintiff's opposition does he point out that less than two weeks ago another FACTA case -- brought by his own attorneys -- was stayed in light of the Eleventh Circuit's pending decision in *Tarr*. In fact, Chief Judge Kevin M. Moore *sua sponte* granted a stay, explaining that *Tarr* "will likely control in determining whether or not Plaintiffs have standing." Ex. 1, *Saleh v. Darden Rests., Inc.*, Case No. 0:17-cv-62156, Dkt. 28 (S.D. Fla. Feb. 9, 2018). As Judge Moore recognized, "there is disagreement between courts in the Southern District of Florida about whether certain statutory violations of FACTA can by themselves constitute an injury in fact" and therefore the appeal will "likely impact" its decision. *Id.* at 1. The same is true here particularly given that this case involves the same FACTA claim and same Burger King restaurant as *Tarr*.

Burger King was forced to remove this case from state court or risk losing its ability to litigate in federal court if the Eleventh Circuit reverses the decision in *Tarr*. Plaintiff does not dispute that *Tarr* is nearly identical to this case. Nor does he dispute that the outcome of the appeal will directly impact whether this case should be litigated in state or federal court. Instead, plaintiff makes several arguments including that a stay pending resolution of the appeal would make it more difficult to obtain discovery and could result in the claims of some putative class members being time-barred. None of these arguments has any merit. Rather, a stay of this action will not result in any prejudice to plaintiff -- who has not asserted any actual injury and is only seeking statutory damages -- and even plaintiff himself admits that it would promote judicial economy in the event that the Eleventh Circuit reverses *Tarr*. Thus, Burger King's motion to stay should be granted.

## ARGUMENT

**I.   THIS COURT HAS BROAD DISCRETION TO STAY THIS CASE TO CONTROL ITS OWN DOCKET**

Plaintiff ignores all the cases cited by Burger King which recognize that this Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); Dkt. 1-5 at 3-4. And he cites only one case on this issue, *Univ. of Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999), which is inapposite because the district court "determine[d] a complex substantive issue of Alabama law" and dismissed the case before deciding plaintiff's motion for remand. Unlike the court in *Univ. of Ala.* which reached the "merits" before resolving the issue of subject matter jurisdiction, Burger King is asking this Court to use its discretion to control its own docket by staying the case without deciding the merits of any issue. Therefore, the procedural and factual scenario presented in *Univ. of Ala.* is fundamentally different from the issue here. Because Burger King is

2

not seeking a substantive holding on the merits, this Court should stay this case before making any determination regarding whether plaintiff has standing.

Moreover, plaintiff does not address, much less refute, the cases which have granted motions to stay in light of a pending appeal in a similar FACTA case that will likely affect the court's subject-matter jurisdiction. Def. Mot. at 6; *see, e.g.*, *Gennock v. Kirkland's, Inc.*, 2018 U.S. Dist. LEXIS 15515, at *5-7 (W.D. Pa. Jan. 31, 2018) (granting defendant's motion to stay pending the Third Circuit's decision in *Kamal v. J. Crew Grp., Inc.*, a similar FACTA action addressing the same issue of Article III standing); *Jacobson v. Peter Pan, Inc.*, No. 4:16-cv-00596, Order, Doc. 26 (D. Ariz. Feb. 2, 2017) (granting motion to stay a pending FACTA action until the Ninth Circuit decides a similar case in *Noble v. Nevada Checker Cab Corp.*); *Zuniga v. The Men's Warehouse, Inc.*, slip. op., No. 17-cv-05223, Doc. 41 (C.D. Cal. Oct. 13, 2017) (staying FACTA case because the outcome in *Noble v. Nevada Checker Cab Corp.* would "have a significant impact on the legal issue" in the case).

## II. PLAINTIFF'S ACKNOWLEDGEMENT OF THE DISAGREEMENT AMONG COURTS IN THIS DISTRICT FURTHER DEMONSTRATES THAT A STAY IS WARRANTED IN LIGHT OF THE PENDING APPEAL IN *TARR*

Plaintiff also opposes a stay by trying to relitigate the standing issue in this case (Dkt. 5, Pl.'s Opp. at 6-9), which was already decided by Judge Scola in *Gesten I*. However, if Burger King is later required to move to dismiss this case for lack of subject-matter jurisdiction, it would demonstrate that the doctrine of issue preclusion applies,[1] given Judge Scola's dismissal of Gesten's FACTA claim, holding that this type of case "presents a perfect example of a procedural violation that may result in no harm" because "Congress has not prohibited the printing of the issuing institution on receipts." *Gesten I*, 2017 U.S. Dist. LEXIS 158173, at *20.

---

[1] *See Irvin v. United States*, 335 F. App'x 821, 824 (11th Cir. 2009) (recognizing that "jurisdictional determinations are entitled to preclusive effect under the collateral estoppel doctrine").

Indeed, since this Court's decisions in *Guarisma v. Microsoft Corp.*, No. 1:15-cv-24326, 2016 WL 4017196, at *4 (S.D. Fla. Jul. 26, 2016) and *Flaum v. Doctor's Assocs., Inc.*, No. 0:16-cv-61198, 2016 WL 7015823, at *3-4 (S.D. Fla. Aug. 29, 2016),[2] there has been a sea change in the jurisprudence concerning Article III standing in FACTA cases including within this District, as well as the Second and Seventh Circuit Courts of Appeals. *See, e.g.*, *Gesten*, 2017 U.S. Dist. LEXIS 158173, at *18, *20; *Tarr v. Burger King Corp.*, Case No. 1:17-cv-23776-FAM, 2018 WL 318477, at *4 (S.D. Fla. Jan. 5, 2018) (holding that plaintiff did not have standing to litigate his case in federal court because his complaint "alleges only bare procedural violations divorced from any concrete harm or material risk of harm" and "typifie[d] the abusive lawsuits brought under [FACTA]"); *Katz v. The Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) (concluding that printing the first six digits of plaintiff's credit card number did not raise a material risk of harm of identity theft and thus did not establish a concrete injury because it "is the equivalent of printing the name of the issuing institution, information which need not be truncated under FACTA"); *Cruper-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 77 (2d Cir. 2017) (joining the Seventh Circuit in affirming the district court's grant of defendant's motion to dismiss because defendant's bare procedural violation of FACTA posed no material risk of harm to plaintiff); *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 728 (7th Cir. 2016) (holding that "without a showing of injury apart from the statutory violation," the plaintiff

---

[2] In *Flaum*, the Court denied defendant's motion for interlocutory appeal because at that time Doctor's Associates could not "cite a single case in this circuit answering the question differently" and therefore it could not meet the high threshold for certification under 28 U.S.C. § 1292(b). *Flaum*, Dkt. 40 at 4 (Oct. 27, 2016). This Court was "unpersuaded" that defendant had shown the existence of a substantial difference of opinion on the issue of standing when it only cited a single case with similar issues which was pending on appeal. *Id*. at 5. Clearly, that is no longer the case as there have been numerous contrary opinions on this issue during the past 16 months.

did not have standing to pursue his FACTA claim).[3]

Plaintiff cites a recent Northern District of Georgia decision on class certification to support his position that he has standing (Pl.'s Opp. at 6), but conveniently fails to point out that less than two weeks ago, his own attorneys had their settlement vacated and their client's FACTA claim dismissed because a court in this District concluded it did not have jurisdiction to grant final approval of the parties' settlement. *Kirchein v. Pet Supermkt., Inc.*, 2018 U.S. Dist. LEXIS 21750, at *1-2 (S.D. Fla. Feb. 8, 2018).  In *Kirchein*, the plaintiff argued, like Gesten does here (Pl.'s Opp. at 7), that *Gesten I* was incorrectly decided, which the Court flatly rejected:

> First, Kirchein argues that *Gesten* and the cases on which it relied incorrectly found that the risk of identity theft is not materially increased by the disclosure of the first six digits of a credit card account number.  The Court disagrees.  Kirchein's assertions do not establish that disclosure of the first six digits of a credit card account number results in an imminent, real risk of harm. . . .  Next, Kirchein argues that *Gesten* and the cases on which it relied do not give proper deference to Congress's judgment in enacting FACTA, and did not correctly determine that printing additional digits of an account number is a procedural, as opposed to a substantive, violation.  The Court reviewed and analyzed the vast majority of the authority cited by Kirchein in *Gesten*.  Neither the new cases cited by Kirchein nor the arguments that he has raised persuade the Court that its analysis in *Gesten* was erroneous.

*Id.* at *11-13 (internal citations omitted).  This same reasoning applies to Judge Moreno's

---

[3] *See also Taylor v. Fred's, Inc.*, 2018 U.S. Dist. LEXIS 17342 (N.D. Ala. Feb. 2, 2018); *Katz v. Metropolitan Transportation Authority*, 2017 WL 6734185 (E.D.N.Y. Dec. 29, 2017); *Stelmachers v. Verifone Sys, Inc.*, No. 5:14-cv-04912-EJD, 2017 WL 3968871, at *4 (N.D. Cal. Sept. 7, 2017); *Batra v. RLS Supermkts., LLC*, 2017 WL 3421073, at *5 (N.D. Tex. Aug. 9, 2017); *O'Shea v. P.C. Richard & Son, LLC*, 2017 U.S. Dist. LEXIS 122424, at *20-22 (S.D.N.Y. Aug. 3, 2017); *Lindner v. Roti Rests., LLC*, 2017 U.S. Dist. LEXIS 115110, at *8 (N.D. Ill. July 24, 2017); *Kamal v. J. Crew Grp., Inc.*, No. 15-0190, 2017 U.S. Dist. LEXIS 91080, at *12-13 (D.N.J. June 13, 2017); *Gant v. Fondren Orthopedic Grp., L.L.P.*, 2017 U.S. Dist. LEXIS 77756, *3-4 (S.D. Tex. May 22, 2017); *Collier v. SP Plus Corp.*, 2017 WL 4585572 (N.D. Ill. Apr. 28, 2017); *Llewellyn v. Az Compassionate Care, Inc.*, 2017 U.S. Dist. LEXIS 61840, at *13 (D. Ariz. Apr. 24, 2017); *Everett v. Memphis Light, Gas & Water Div.*, 2017 WL 1830165, at *3 (W.D. Tenn. April 18, 2017); *Hendrick v. Aramark Corp.*, 2017 U.S. Dist. LEXIS 59474, at *12 (E.D. Pa. Apr. 18, 2017); *Weinstein v. Intermountain Healthcare, Inc.*, 2017 U.S. Dist. LEXIS 51332, at *9 (D. Utah Apr. 3, 2017); *Fullwood v. Wolfgang's Steakhouse Inc.*, 2017 WL 377931, at *6 (S.D.N.Y. Jan. 30, 2017).

decision in *Tarr*.  Furthermore, plaintiff's contention that *Gesten I* and *Tarr* were wrongly decided by the district court supports staying this case because the Eleventh Circuit will ultimately make that determination in deciding the pending appeal in *Tarr*.

As Judge Scola found in *Gesten I*, *Guarisma v. Microsoft* relied on *Hammer v. Sam's East, Inc.*, an Eighth Circuit opinion decided before *Spokeo*.  *Id.* at 3.  The significance of this reliance is that *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498 (8th Cir. 2014) is no longer good law.  *See, e.g.*, *Batra v. RLS Supermarkets, LLC*, 2017 WL 3421073, at *5 n.4 (N.D. Tex. Aug. 9, 2017) (refusing to adopt FACTA decisions that relied on *Hammer*).[4]  Moreover, this Court in *Guarisma* and *Flaum* did not have the benefit of the Eleventh Circuit's subsequent guidance in *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016) and the concurring opinions in the Eleventh Circuit's denial of a rehearing *en banc* of *Nicklaw*.  855 F.3d 1265, 1266-67 (11th Cir. 2017).[5]  Plaintiff's citation of *Perry v. Cable News Network*, 854 F.3d 1336 (11th Cir. 2017) for

---

[4] The Eighth Circuit in *Hammer* held that "the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*."  754 F.3d at 498 (emphasis in original). *Hammer* has since been abrogated by *Braitberg v. Charter Commc'ns., Inc.*, 836 F.3d 925, 930 (8th Cir. 2016).  Plaintiff claims that *Braitberg*'s repudiation is limited "only . . . to the extent [*Hammer*] can be read to hold that *all* statutory violations constitute a concrete injury."  Pl.'s Opp. at 7 n.6 (emphasis added).  However, *Braitberg* flatly rejected *Hammer*, explaining that its "decision[ ] in *Hammer* . . . seemed to accept [the] view . . . that 'the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*.' . . . . In *Spokeo*, however, the Supreme Court rejected this absolute view and superseded our precedent in *Hammer*…").  *Braitberg*, 836 F.3d at 930.

[5] In *Nicklaw*, the petitioner filed a putative class action against the respondent when he learned that the respondent had failed to timely file a certificate of discharge pertaining to the satisfaction of his mortgage.  839 F.3d at 1000.  In dismissing petitioner's suit for lack of standing under *Spokeo*, the Eleventh Circuit rejected plaintiff's argument that a statutory violation automatically creates standing because "the relevant question is whether [plaintiff] *was harmed* when this statutory right was violated."  *Id*. at 1002 (emphasis added).  The Eleventh Circuit also clarified that the violation of a statutory right to receive information under the FDCPA can create an intangible, concrete injury, thereby limiting the application of its unpublished decision in *Church v. Accretive Health, Inc.*, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016) to a special class of informational cases that confer standing where a plaintiff alleges a violation of a statutory right to receive information.  *Id*.

6

its substantive injury theory (Pl.'s Opp. at 6-7) actually supports Burger King's position because, where there was a substantive cause of action for violation of the Video Privacy Protection Act, the Court still analyzed whether plaintiff suffered a concrete injury and did not infer injury merely from the presence of a statutory or constitutional violation.  854 F.3d at 1338-41.[6]  In short, plaintiff cannot escape *Nicklaw*'s applicability to the issue of standing here and his acknowledgement that there is "disagreement" among courts in this District only further demonstrates that a stay is warranted here.  Ex. 1, *Saleh*, Dkt. 28 at 1 (order granting stay in light of *Tarr* appeal).

### III.     THE BALANCING OF HARM WEIGHS HEAVILY IN FAVOR OF A STAY

#### A.     Plaintiff Has Not Alleged Any Actual Injury and Therefore Cannot Suffer Prejudice As a Result of a Stay

Plaintiff does not contest that there will be no harm to him because he seeks statutory damages and has not asserted any actual injury, let alone an ongoing one, in this case.  Instead, he claims that putative class members may see their statute of limitations expire, that there could be document preservation issues, and that stays pending resolution of an appeal are inherently prejudicial.  These contentions are not supported by the facts or the law.

First, plaintiff's argument that class members "face a potential statute of limitations bar because their states do not recognize cross-jurisdictional tolling" is a red herring.  Pl.'s Opp. at 9-10.  That is because the issue of cross-jurisdictional tolling only affects individual state law claims brought in state court and this case involves a single federal claim under FACTA.  For this same reason, the only case cited by plaintiff, *Vincent v. Money Store*, 915 F. Supp.2d 553, 560 (S.D.N.Y. 2013), is not applicable because there "plaintiffs have asserted exclusively state law

---

[6]  Because CNN actually invaded the plaintiff's privacy right by sending a record of the plaintiff's viewing activity to a third-party data analytics company, the Court found that plaintiff had standing.  *Id*.

claims against all defendants." In fact, the quote cited by plaintiff on pages 9 and 10 of his opposition is not from *Vincent* but rather from the Ninth Circuit's ruling in *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1187 (9th Cir. 2009), where it explained that California state law does not recognize cross-jurisdictional tolling. This is not such a case of cross-jurisdictional tolling.

Second, plaintiff's contention that a stay would impair his ability to obtain discovery is completely speculative and baseless.[7] For example, plaintiff claims that "Defendant has offered no guarantees that the class data has been preserved or whether and when it will be produced." Pl.'s Opp. at 10. But there is absolutely no basis to support the claim that Burger King has not taken all necessary steps to preserve information or documents that might be relevant to the subject matter of this case. Burger King has long had a document hold in place. And plaintiff cannot articulate any reason why third parties will fail to preserve relevant evidence. As a result, discovery would be equally available to plaintiff following any stay.

Finally, plaintiff argues that the requested stay is "inherently prejudicial" but in doing so completely ignores the line of cases cited by Burger King in its motion to stay where courts have routinely stayed a pending action until an appellate court has ruled on a similar case. Def.'s Mot. at 5-6. The only two cases cited by plaintiff which involved a motion to stay pending an appeal, *Gosneigh v. Nationstar Mortgage, LLC*, 2017 WL 435818 (M.D. Fla. Feb. 1, 2017) and *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230 (S.D.N.Y. 2016), are distinguishable because the courts did

---

[7] Plaintiff relies on two cases in support of this issue (Pl.'s Opp. at 10), but they are both wholly inapposite. *Young v. Peraza*, No. 15-60968-CIV, 2015 U.S. Dist. LEXIS 101844, at *5 (S.D. Fla. Aug. 4, 2015) (denying stay of a civil action pending criminal investigation because "the public has an interest in the timely resolution of this civil case, involving the death of a citizen as a result of allegedly excessive force by a police officer over two years ago, particularly where the status of any criminal charges against the officer is unknown"); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-6217, 2016 WL 6777896 (S.D. Fla. Nov. 16, 2010) (denying motion to stay discovery pending resolution of motions that had not yet been filed and therefore the court could not determine the impact of any such motions).

8

not deny the stay due to any harm or prejudice to plaintiff but rather for other reasons not present here.  The other cases cited by plaintiff are inapposite because they involved the stay of civil actions pending resolution of a criminal proceeding.  *United States v. Swissco Props.*, 821 F. Supp. 1472 (S.D. Fla.1993) (denying stay of civil discovery pending a parallel criminal investigation because the stay was sought by the United States rather than individual under investigation and therefore granting the prosecutor's stay would be "justice denied"); *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494 (S.D.N.Y 1987) (denying stay pending a parallel criminal action because defendant's guilty plea could not be used as a shield to prejudice plaintiff and the defendant's Fifth Amendment rights could be invoked after sentencing).

Given that plaintiff will not be prejudiced in any way, his claim that the *Tarr* appeal could take "more than a year" is not a basis for denying a stay.  Nor is it consistent with the Eleventh Circuit's median processing time of 4.4 months -- from the filing of the notice of appeal or docketing date to the last opinion or final order.[8]  Clearly, this amount of time is not so indefinite or Judge Moore would not have granted a stay in *Saleh* for the same reasons addressed herein.

### B. Plaintiff Concedes That Burger King Will Be Harmed If a Stay Is Not Granted

Plaintiff does not contest that if this case had not been removed, Burger King would have lost its ability to litigate in federal court due to the expiration of 28 U.S.C. § 1446's 30-day removal deadline.  Instead, plaintiff contends that there is no harm to Burger King because it is "getting exactly what it asked for."  Pl.'s Opp. at 11.  But it is plaintiff who re-filed his claim in state court (even after he could not establish any concrete harm in federal court), while his attorneys simultaneously appealed a nearly-identical case to the Eleventh Circuit.  In fact,

---

[8] *See* U.S. Courts of Appeals–Median Time Intervals in Months for Case Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2016, Table B-4 available at http://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2016.pdf.

plaintiff's attorneys filed their complaint in state court nearly four months ago but waited to serve Burger King until after the dismissal in *Tarr* and then appealed that decision to force Burger King to litigate both cases at the same time. Because the *Tarr* appeal directly impacts this case, and plaintiff does not contend otherwise, Burger King properly moved to stay this action in order to avoid irreparable harm in the event the district court's standing decision is reversed. Although plaintiff's attorneys can solve this problem by simply dismissing the *Tarr* appeal so that there is no possibility of duplicative litigations, they have declined to do so.

Moreover, as plaintiff himself admits, if the Eleventh Circuit reverses *Tarr*, there would be parallel cases involving the same alleged FACTA violation and the same Burger King restaurant. Pl.'s Opp. at 12 ("The only possibility of duplicative litigation is if Mr. Gesten's case is in state court [ ] and Mr. Tarr wins his appeal . . ."). This admission, by itself, warrants a stay given that these duplicative litigations would risk inconsistent rulings and require the parties to expend significant resources. Furthermore, the parties would have to brief, and the Court would have to decide, the issue of standing at the class certification phase of the litigation. Plaintiff thus equally benefits from not having to incur these unnecessary costs.

In short, granting a stay until the Eleventh Circuit decides *Tarr* causes no prejudice to plaintiff, prevents Burger King from being irreparably harmed, and promotes judicial economy. Therefore, this Court should grant Burger King's motion to stay.

## CONCLUSION

For all the foregoing reasons, and those set forth in its instant motion, Burger King respectfully requests that the Court stay this case until the Eleventh Circuit decides the pending appeal in *Tarr*.

Dated: February 20, 2018                     Respectfully submitted,

/s/ Anthony Upshaw
Anthony Upshaw (Fla. Bar No. 861091)
McDermott Will & Emery LLP
333 Southeast 2nd Avenue, Suite 4500
Miami, Florida 33131-4336
305.358.3500
305.347.6500 fax
aupshaw@mwe.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2018, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification to all ECF participants.

/s/ Anthony Upshaw
Anthony Upshaw
