## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-20450-CIV-ALTONAGA/Goodman

**RYAN D. GESTEN**,

      Plaintiff,

v.

**BURGER KING CORPORATION**,

      Defendant.

_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant, Burger King Corporation's Motion to Stay [ECF No. 1-5], dated February 5, 2018.  Plaintiff, Ryan Gesten, filed a Response [ECF No. 5], to which Defendant filed a Reply [ECF No. 6].  The Court has carefully considered the file, the parties' written and oral submissions, and applicable law.

This action originated in state court, where Plaintiff filed his Complaint [ECF No. 1-2] on October 30, 2017.  Defendant removed this case to federal court on February 5, 2018.  (*See* Notice of Removal [ECF No. 1]).  Defendant now seeks to stay the case pending the Eleventh Circuit's decision in *Tarr v. Burger King Corporation*, Case No. 18-10279-CC (11th Cir. 2018). (*See generally* Mot.).

"The District Court has broad discretion to stay proceedings as incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (citations omitted)).  "The proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708 (citation omitted).

Defendant asserts "[t]he *Tarr* appeal . . . raises identical issues of Article III standing and lack of concrete injury as [P]laintiff's [C]omplaint in this case" and "[t]he outcome of that appeal will directly impact whether this case should be litigated in state or federal court." (Mot. 1 (alterations added)). Defendant correctly notes "[t]he *Tarr* appeal will resolve the issue of whether Article III standing is conferred to FACTA plaintiffs who have not suffered identity theft, which directly impacts whether this Court has subject-matter jurisdiction over [P]laintiff Gesten's claim." (*Id.* 6 (alterations added)).

However, even if the Eleventh Circuit were to decide in *Tarr* that a plaintiff such as Gesten does not have Article III standing, the appropriate remedy would not be to dismiss Gesten's case; rather, the case would simply be remanded to state court. *See Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1366 (S.D. Fla. 2017) ("For cases originating in federal court, the appropriate action is to dismiss the case or pertinent claims without prejudice if the plaintiff lacks standing. . . . But for cases removed here, the claims over which the Court lacks jurisdiction must be . . . remanded to the state-court forum." (alterations added; citations omitted)). Accordingly, "[t]he *Tarr* appeal only presents a venue question (federal or state court), [and] Gesten's case will thus proceed regardless of the outcome of that appeal." (Resp. 3 (alterations added)).

Curiously, when Gesten brought identical claims against Defendant in a previous action in federal court, Defendant moved for and was awarded dismissal of those claims on the basis the Court lacked federal subject matter jurisdiction. *See Gesten v. Burger King Corp.*, No. 17-22541-CIV, 2017 WL 4326101, at *6 (S.D. Fla. Sept. 27, 2017). Now, after Gesten brought this action in state court, Defendant removed to federal court on the ground a federal court "may exercise original jurisdiction over this action." (Notice of Removal ¶ 9). Still, Defendant asks

CASE NO. 18-20450-CIV-ALTONAGA/Goodman

the Court to stay the case pending the determination of whether federal jurisdiction, in fact, does exist. (*See generally* Mot.).

Defendant's Motion is not well taken. Defendant has had its pick of state or federal jurisdiction; a stay for the purpose of determining which forum this case should be litigated in is unwarranted. Moreover, Plaintiff would suffer prejudice from an indefinite delay pending the decision in *Tarr*, especially given his demonstrated willingness to proceed in either state court or federal court. Defendant falls far short of establishing a need for a stay here.

Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion **[ECF No. 1-5]** is **DENIED**.

**DONE AND ORDERED** in at Miami, Florida this 22nd day of February, 2018.

*Cecilia M. Altonaga*

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record