UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20450-CIV-ALTONAGA/Goodman

**RYAN D. GESTEN**, individually and
on behalf of others similarly situated,

      Plaintiff,
v.

**BURGER KING CORPORATION**,

      Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Ryan D. Gesten's Motion for Class Certification [ECF No. 56], filed June 18, 2018. The Court has carefully reviewed the Motion and its supporting exhibits (*see* [ECF Nos. 56-1 to 56-11]); Defendant, Burger King Corporation's Memorandum of Law in Opposition [ECF No. 64] and supporting exhibits (*see* [ECF Nos. 67-1 to 67-3]); Plaintiff's Motion to Strike the Declarations of Cody Bruns and David Snider [ECF No. 67]; Plaintiff's Reply Memorandum [ECF No. 68]; Defendant's Sur-Reply [ECF No. 70]; the record; and applicable law. For the reasons that follow, the case is stayed, and the Motion is denied as moot.

### I. BACKGROUND

Plaintiff filed his Class Action Complaint for Violations of the Fair and Accurate Credit Transactions Act ("FACTA") [ECF No. 1-2] in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County ("*Gesten II*") after his identical action in *Gesten v. Burger King Corporation* was dismissed for lack of Article III standing and hence, lack of subject matter jurisdiction. *See* No. 17-cv-22541-Civ, 2017 WL 4326101 (S.D. Fla. Sept. 27, 2017)

("*Gesten I*"). Defendant removed this action on February 5, 2018. (*See* Notice of Removal [ECF No. 1]). With its Notice of Removal, Defendant advised the Court of the *Gesten I* case as well as a nearly identical FACTA case, *Tarr v. Burger King Corporation*, No. 17-cv-23776, which was dismissed for lack of subject matter jurisdiction, and is now pending on appeal before the United States Court of Appeals for the Eleventh Circuit, No. 18-10279. (*See* Notice of Related Case [ECF No. 1-4]).

Simultaneously with its Notice of Removal, Defendant filed a Motion to Stay [ECF No. 1-5]. Defendant moved to stay the action until the Eleventh Circuit decided the pending appeal in *Tarr v. Burger King Corp.* (*See id.* 1). Plaintiff opposed the Motion to Stay (*see* Plaintiff's Response in Opposition [ECF No. 5]), arguing: Plaintiff should not be forced to wait for the completion of the appeal in *Tarr* which started on January 19, 2018 and "could take more than a year to resolve" (*id.* 3); before entertaining a stay request, the Court should determine if it has jurisdiction over Plaintiff's claim so Plaintiff can know whether to proceed in state court (*see id.*); nothing about *Tarr* calls into question prior decisions the undersigned has reached finding jurisdiction in similar FACTA cases (*see id.*); and a lengthy appeal would prejudice Plaintiff by making it more difficult to gather discovery needed for class certification and to show Defendant's FACTA violations were willful (*see id.* 4).

The Court entered its Order [ECF No. 7] denying Defendant's request for a stay. Thereafter, the Court entered an Order Setting Trial and Pre-Trial Schedule [ECF No. 18], establishing, among other dates, deadlines for the completion of class certification discovery (*see id.* 2), and the filing of a class certification motion (*see id.*). Having completed class certification discovery, Plaintiff now brings this Motion for Class Certification.

## II. LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citation omitted); *see also Johnson v. Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling." (alteration added; citations omitted)). Indeed, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (alterations added; citations omitted). "It is [also] well-established that a district court has the authority to stay proceedings on its own motion or on motion of the parties." *In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307 (S.D. Fla. 2011) (alteration added; citations omitted). Finally, "[i]n the interest of judicial economy, . . . court[s can] *sua sponte* order a stay of [a] proceeding pending the outcome of [an] appeal." *Lozman v. City of Riviera Beach*, No. 08-80134-CIV, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011 (alterations added)).

## III. DISCUSSION

In opposing class certification, Defendant asserts Plaintiff cannot establish an injury in fact and thus lacks standing — the very conclusion the district court reached in *Tarr v. Burger King Corporation*, No. 17-23776-Civ, 2018 WL 318477 (S.D. Fla. Jan. 5, 2018), and the subject of the *Tarr* appeal filed in January 2018. (*See* Opp'n 5–9). Following a review of the parties' written briefing, the Court examined several docket entries in *Tarr v. Burger King Corporation*, No. 18-10279 (11th Cir.); and *Price, et al. v. Godiva Chocolatier, Inc.*, No. 16-16486 (11th Cir.).

Curiously, upon filing the appeal in *Tarr* and obtaining a generous extension of time for his opening brief, Tarr filed a motion to stay his appeal before the Eleventh Circuit, suggesting the outcome of *Price* — an appeal addressing class members' objections to the fairness of a FACTA class action settlement, rather than the question of a plaintiff's standing to assert a FACTA claim — would resolve the same issue presented in *Tarr*. (*See* Appellant's Mot. to Stay Case, Case No. 18-10279, ¶ 4). In opposing a stay of the *Tarr* appeal, Defendant complained Tarr's attorneys, the same attorneys for Plaintiff, had prevented a stay of *Gesten II* and in doing so, had opposed the same arguments they were then advancing before the Eleventh Circuit for a stay of the *Tarr* appeal. (*See* Appellee's Resp. in Opp'n to Appellant's Mot. to Stay Case, No. 18-10279, 1). Defendant explained a stay would "result in prejudice[,] . . . forc[ing] [it] to continue to litigate *Gesten [II]* in the district court when the resolution of *Tarr* may determine the district court does not have subject-matter jurisdiction." (*Id.* 2 (alterations added)). Defendant also reasoned *Price* could very well not resolve the FACTA jurisdictional question posed in *Tarr* (and present in this case, *Gesten II*), because Price's counsel — again the same attorneys as in *Tarr* and *Gesten II* — had argued the Eleventh Circuit should dismiss the *Price* appeal for lack of jurisdiction in response to the Eleventh Circuit's letter to the *Price* parties, expressing concern with its jurisdiction over the appeal. (*See id.* 4).

Most significantly, Defendant accused Tarr's (and Plaintiff's) attorneys of a different objective in seeking to stay the *Tarr* appeal:

> Tarr's motion conceals his attorneys' true objective, which is to delay a ruling here so they can fully litigate the *Gesten [II]* case in federal court (including obtaining a ruling on class certification) while avoiding the possibility that binding precedent created by [the Eleventh Circuit], if the lower court's decision is affirmed [in *Tarr*] would result in dismissal of that case. In fact, Tarr's attorneys' actions in this appeal, including seeking a four-week extension to file their opening brief and then moving to stay, clearly demonstrate they are trying to

> delay the outcome of this appeal so that it does not result in dismissal of the *Gesten [II]* case . . . .

(*Id.* 7–8 (alterations added; footnote call number omitted)).

In seeking the stay before the Eleventh Circuit, Tarr and Plaintiff's counsel stated "a stay will cause no prejudice. All parties and the Court benefit from avoiding waste by tabling proceedings in this case because the legal landscape is almost certain to materially change before the case is decided." (Appellant's Mot. to Stay Case, No. 18-10279, ¶ 7). That is most certainly true. As Tarr (and Plaintiff's) counsel also noted, the Court "has broad discretion to issue a stay in the prudent management of its docket" (*id.* ¶ 8 (citing *Clinton*, 520 U.S. at 706)), and "prudence dictates the need for a stay to avoid substantial waste . . . ." (*Id.*).

The Court can think of no greater waste than certifying a FACTA class numbering in the thousands, only to have a definitive pronouncement finding a plaintiff lacks Article III standing to bring a FACTA claim where a restaurant, through error, "print[ed] more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." (Compl. ¶¶ 15–16 (quoting 15 U.S.C. § 1681c(g) (alteration added))). If that were to occur, there would be a significant waste in judicial resources and the parties' resources, with a case starting anew in the state court from where it was removed.

Consequently, the Court uses its broad discretion to stay the case, responding as follows to Plaintiff's earlier objections to a stay of this case (*see generally* Resp. to Defendant's Mot. to Stay): the delay in *Tarr* is a direct result of Plaintiff's counsels' decision to seek a stay of the appeal; the Eleventh Circuit will eventually resolve the jurisdictional question pending on appeal, and hence, the Court's jurisdiction here; the landscape since the undersigned's early FACTA decisions has changed (*see, e.g.*, Opp'n 6–7, & n.9 (citing cases)); and Plaintiff has

secured the discovery needed for class certification and to show Defendant's FACTA violations were willful.

## IV.   CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that this case is **STAYED**. The Clerk of the Court is **DIRECTED** to mark this case **CLOSED** for statistical purposes only, and all pending motions are **DENIED** as moot. The Court nonetheless retains jurisdiction and the case shall be restored to the active docket upon Court order following motion of a party. The parties shall file joint status reports, every 60 days beginning August 31, 2018, advising of the status of the *Price* and *Tarr* appeals.

**DONE AND ORDERED** in Miami, Florida, this 1st day of August, 2018.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record